Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
C. H. ROBINSON COMPANY, INC.

       Plaintiff,                                18 Civ.

      - against -                           **COMPLAINT**

MAERSK LINE A/S d/b/a MAERSK LINE.

       Defendant.
-------------------------------------------------------------X

       Plaintiff, C. H. ROBINSON COMPANY, INC., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

       1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

### PARTIES

       2.     At all material times, C. H. ROBINSON COMPANY, INC (hereinafter "CH Robinson" or "Plaintiff") was and is a corporation with an office and place of business located at 14701 Charlson Road, Eden Prairie, MN 55347, and is the owner of a consignment of 5,160 cartons Sweet Pototoes, laden in five containers, as more specifically described below.

       3.     At all material times, defendant, MAERSK LINE A/S d/b/a MAERSK LINE. (hereinafter "Defendant" or "Maersk") was and is a corporation with an office and place of business located at 180 Park Avenue, Florham Park, New Jersey 07932 and at all relevant times,

was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

4.    Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

5.    On or about June 8, 2017, a consignment consisting of 5,160 Cartons of Sweet Pototoes, laden in five 400 foot reefer containers, bearing numbers MNBU 0199133, MWMU 6427269, MNBU 3535355, MNBU 3283227 and MNBU 3551037, then being in good order and condition, was delivered to Maersk and/or its agents in Charleston, South Carolina for transportation to Felixstowe, United Kingdom, all in consideration of an agreed upon freight.

6.    Notwithstanding the perishable nature of the cargo, Maersk failed to timely load the aforementioned containers on board a vessel until July 11, 2017, more than one month after the cargo had been first delivered to Maersk in Charleston.

7.    The aforementioned five containers was loaded aboard the M/V MAERSK KOKURA and the vessel departed Charleston, South Carolina on or about July 11, 2017.

8.    After the goods were loaded on board the subject vessel, Maersk informed plaintiff that its vessel would not be stopping at the port of Felixstowe, where this consignment was destined. Rather, Maersk informed that the containers would be discharged in Bremerhaven and would then be transshipped to Felixstowe aboard the Maersk Seletar on or about July 22nd.

9.    The Maersk Kokura was delayed in its arrival in Bremerhaven and did not arrive until July 28, 2017, after the Maersk Seletar had already made her departure.

10. The five containers were loaded on board the E.R. TOKYO on August 1 in Bremerhaven and were discharged in Felixstowe on or about August 4, 2017.

11. Containers MNBU 3283227 and MNBU 3551037 were out-gated to the customer on August 4, 2017. Containers MNBU 0199133, MNBU 3535355 and MWMU 6427269 were out-gated to the customer on August 7, 2017.

12. The total transit time for the subject containers was between 58 and 60 days, while the normal published transit time for this transit is 14 days.

13. When the container was delivered to the designated receiver it was discovered that the cargo was not in the same good order and condition as when first delivered to Maersk due to Maersk's failure to timely transport the cargo to its intended destination. The cargo was no longer fit for human consumption and could only be sold for salvage.

14. The physical damage sustained to the cargo was due to the failure of Maersk and/or its subcontractors to properly care for the cargo during the transit.

15. Plaintiff sustained damages in the amount of $86,398.39 as a result of the foregoing.

16. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $86,398.39.

**AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT**

17. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, as if herein set forth at length.

18. Pursuant to the contract entered into between the parties, defendant owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver

the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

19. The defendant breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

20. As a direct and proximate result of said breach of contract by defendant, the Plaintiff has suffered damages in the amount presently estimated to be no less than $86,398.39.

21. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $86,398.39.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

22. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23. Pursuant to its obligations as a bailee for hire of the Plaintiff's cargo, the defendant owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

24. The defendant breached its duties as a bailee for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

25. As a direct and proximate result of the breach of bailment by the Defendant, the Plaintiff has suffered damages in the approximate amount of $86,398.39 .

26. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $86,398.39.

### AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

27. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 26, inclusive, as if herein set forth at length.

28. The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

29. The Defendant breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

30. As a direct and proximate result of the negligence by the Defendant, the Plaintiff has suffered damages in the approximate amount of $86,398.39.

31. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $86,398.39.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $86,398.39, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
November 1, 2018
424-70

                            CASEY & BARNETT LLC
                            Attorneys for Plaintiff

By: _____
     Martin F. Casey
     305 Broadway, Ste 1202
     New York, New York 10010
     (212) 286-0225